UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| VICTOR PENA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 12-243-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WARDEN RICHARD B. IVES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Victor Pena is an inmate confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without counsel, Pena has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] The Court has reviewed the petition[1] but must deny relief because, under the circumstances presented, Pena may not pursue his claims in a § 2241 habeas corpus proceeding.

---

1        The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**BACKGROUND**

On March 3, 1999, a federal jury in Texas convicted Pena of racketeering and racketeering conspiracy in violation of 18 U.S.C. § 1962(c) and (d). On July 8, 1999, Pena was sentenced to life imprisonment and was ordered to make restitution of $16,697.21.[2] The United States Court of Appeals for the Fifth Circuit affirmed Pena's conviction and sentence on direct appeal. In March 2004, Pena filed a motion with the trial court to vacate his sentence pursuant to 28 U.S.C. § 2255. The district court denied that motion on April 25, 2005, and denied Pena's motion for a certificate of appealability on June 8, 2005. *United States v. Pena*, Criminal Action No. 5: 98-265-FB-12 (W.D. Tex. 1998). On August 7, 2007, Pena filed a motion pursuant to Fed. R. Civ. P. 60(b) for relief from the denial of his § 2255 motion. The trial court denied also that motion, and again declined to issue a certificate of appealability. *Id.*

In his current § 2241 petition, Pena appears to claim that the United States Probation Office in Texas submitted a pre-sentence investigation report ("PSR") containing erroneous information about his criminal history. [Record No. 1-1, pp. 1-2] He argues that the trial court improperly accepted the recommendations in the report and, therefore, incorrectly enhanced his sentence under the United States Sentencing Guidelines. Pena alleges that his counsel did not object to the information in the PSR and, as a result, violated his Sixth Amendment right to the effective assistance of counsel. [*Id.*, p. 2] Further, Pena challenges his conviction and sentence with respect to the restitution order. [*Id.*, pp. 3-4] However, these claims were addressed in a

---

2       The sentencing court ordered that restitution be paid jointly and severally by Defendants Victor Pena, Daniel Perez, Remigio Gomez, Jesse Gomez, Juan Johns, and Daniel Tavitas. [Record No. 1-2, p. 25]

prior § 2241 petition, *Victor Pena v. Warden Richard B. Ives*, Civil Action No. 6: 11-349-KSF

(E.D. Ky. 2011), and Pena cannot relitigate those same claims in this action.[3]

Pena's remaining claim appears to be that the Bureau of Prisons ("BOP") had insufficient

documentation to determine his eligibility to participate in its Inmate Financial Responsibility

Program ("IFRP")[4] and that the BOP has erred by placing him in "IFRP refusal" status.  [Record

No. 1-1, p. 5]  Pena maintains that he has been adversely affected because of that "IFRP refusal"

status.  He seeks an injunction "vacating [the] BOP sanction[s]" against him.  [*Id.*]  In addition,

Pena requests the appointment of counsel.[5]  [*Id.*, p. 7]

## DISCUSSION

A federal prisoner may file a § 2241 petition in the district where he is incarcerated if he

is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or

other issues affecting the length of his sentence).  *See United States v. Peterman*, 249 F.3d 458,

461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999).  Pena's

---

3       Pena also appears to assert a claim of "actual innocence."  [Record No. 1-1, p. 4]  However, as the
district court noted when denying Pena's previous § 2241 petition, a defendant may only pursue a claim of
actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a
Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003).  Pena has not cited any case
that created a new rule of law applicable to his conviction, much less one that applies retroactively to cases
on collateral review.

4       The IFRP is "a work program instituted by the Bureau of Prisons to encourage each sentenced inmate
to meet his or her legitimate financial obligations."  *Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir.
2001) (internal quotation marks omitted); *see* 28 C.F.R. §§ 545.10-545.11.

5       The decision to appoint counsel rests within the sound discretion of the court, based on the interests
of justice and due process.  *See* 18 U.S.C. § 3006A(a)(2)(B).  Counsel should be appointed "if given the
difficulty of the case and the litigant's ability, [he] could not obtain a lawyer on his own, and [he] would have
a reasonable chance of winning with a lawyer at [his] side."  *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir.
1997).

claim regarding the BOP's decision to place him in "IFRP Refuse" status is not a challenge to the execution of his federal sentence. Instead, it relates to the conditions of Pena's confinement at USP – McCreary, such as his ineligibility to apply to be housed in the Re-Entry Unit, an upgraded housing facility, because of his "IFRP Refuse" status.

Pena's claim that USP – McCreary officials have erred by placing him in "IFRP Refuse" status is a challenge to a condition of his confinement. However, this Court has entertained such claims in both 28 U.S.C. § 2241 habeas petitions and in *Bivens* civil rights proceedings. *See Burgin v. Cauley*, No. 0:08-CV-136-HRW, 2009 WL 971449 (E.D. Ky. Apr. 8, 2009) (addressing IFRP claims in a Section 2241 petition); *Hiles v. Zuercher*, No. 7:09-CV-17-KKC, 2009 WL 499099 (E.D. Ky. Feb. 27, 2009) (same); *Earle v. United States*, No. 04-431-DLB, 2005 WL 2095691 (E.D. Ky. Aug. 29, 2005) (addressing IFRP claims in a *Bivens* action). Even so, based on the documentation Pena attached to his habeas petition, he cannot pursue his IFRP claims because he has not administratively exhausted those claims through the BOP's three-step administrative remedy process set forth in 28 C.F.R. §§ 542.10-542.19.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, federal courts consistently require federal prisoners to fully exhaust the BOP's available administrative remedies before filing a petition seeking habeas corpus relief pursuant to § 2241. *Fazzini v. Ne. Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981) (per curiam). In his petition, Pena states that he made a claim to the BOP about this matter through the prison's internal grievance procedures. [Record No. 1-1, p. 6] The documentation accompanying Pena's petition reflects that Pena did file a request for

-4-

Administrative Remedy with the Warden, that the Warden denied his request, that he appealed that denial to the BOP's Mid-Atlantic Regional Office ("MARO"), and that on November 6, 2012, the MARO denied his appeal. [Record No. 1-2, pp. 15-24]  However, Pena presents no documentation verifying that he proceeded to the last step of the administrative remedy process by appealing the MARO's decision to the BOP's Central Office in Washington, D.C.  Instead, on December 9, 2012 — approximately one month after the MARO's denial on November 6, 2012 — Pena filed the present habeas petition.  Based on the amount of time between the MARO's denial on November 6 and the filing of his habeas petition on December 9, it is clear that Pena did not exhaust his available administrative remedies by appealing the MARO's denial to the BOP's Central Office prior to filing the present action.  In the absence of exhaustion of administrative remedies, Pena may not pursue his claims in a § 2241 habeas corpus proceeding. As a result, the Court will deny this habeas petition.

## CONCLUSION

For the reasons explained above, it is hereby

**ORDERED** as follows:

1.      Petitioner Victor Pena's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2.      To the extent that Pena's petition includes a request for appointment of counsel, that request is **DENIED**.

3.      This action is **DISMISSED** and **STRICKEN** from the Court's docket.

4.      Judgment shall be entered contemporaneously with this Memorandum Opinion

and Order in favor of the named Respondent.

This 15th day of May, 2013.



Signed By:

**_Danny C. Reeves_**

**United States District Judge**

-6-